## Joseph Junk Brewing Company, Plaintiff in Error, v. Gustav Reich, Defendant in Error.

### Gen. No. 16,845.

LANDLORD AND TENANT—*damages for breach of covenant of quiet enjoyment.* Where a landlord commits a breach of his implied covenant for quiet enjoyment by entering the demised premises, taking out and boarding up the front of the building and raising it, proof of loss of trade and daily receipts by the tenant in consequence thereof, where there is no evidence showing what profits he had previously made and thereby lost, is not sufficient to warrant a verdict for damages.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed January 27, 1913.

HORTON, WICKETT, MILLER & MEIER, for plaintiff in error.

STEDMAN & SOELKE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error brought an action of the fourth class in the Municipal Court against defendant in

error for $437.88 due from defendant to plaintiff for goods sold and delivered and for rent of certain premises by the plaintiff leased to and occupied by defendant. The amount of plaintiff's claim is not controverted. Defendant filed "A statement of recoupment," in which he alleged that the plaintiff interfered with his possession of the demised premises, whereby he sustained damages in the manner therein set forth. The jury returned a verdict for plaintiff for $1.00 damages, and to reverse a judgment on such verdict the plaintiff prosecutes this writ of error.

That the plaintiff committed a breach of its implied covenant for quiet enjoyment is not disputed. It entered on the demised premises during the term, took out the front of the building, boarded it up and raised it. The only evidence introduced by the defendant to show his damages was evidence to show that he had a saloon in the demised premises and served meals therein at the price of fifteen cents; that before plaintiff made the changes in the building he had about thirty-five for dinner and afterwards only ten or twelve; that before the changes were made his receipts were $25 to $30 per day, and afterwards $5 to $10.

If it be conceded that loss of profits could be shown as tending to show damages, still the evidence was insufficient, because there was no evidence to show what profits defendant made, nor even that he made any profits.

We think that the evidence was not sufficient to warrant or support the verdict, and that the court erred in denying plaintiff's motion for a new trial.

For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*